F:\MMM\PLDG\1693-545.mtd01-mpa.docx

1 Maureen M. Michail, State Bar No. 185097
DANIELS, FINE, ISRAEL,
2 SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
3 TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
MICHAIL@DFIS-LAW.COM
4
Attorneys For Defendant USAA
5 FEDERAL SAVINGS BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH P. OBST, individual, | Case No. 5:15-cv-00012-VAP-SP |
| Plaintiffs, | [Complaint Filed: January 21, 2015] |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN IN DEFENDANT DOVENMUEHLE'S MOTION TO DISMISS PURSUANT TO FRCP 12(g); DECLARATION OF MAUREEN M. MICHAIL |
| USAA FEDERAL SAVINGS BANK; US BANK NATIONAL ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION; DOVENMUEHLE MORTGAGE, INC.; and DOES 1 - 10,inclusive, | |
| Defendants. | |
| | Date: March 9, 2015<br>Time: 2:00 p.m.<br>Location: Courtroom 2<br>Judge: Hon. Virginia A. Phillips |
| | [Filed concurrently with Notice of Motion] |

Defendant USAA Federal Savings Bank ("USAA FSB") respectfully submits the following memorandum of points and authorities and declaration in support of its motion to dismiss, and motion to join in co-defendant DOVENMUEHLE MORTGAGE INC.'s ("DOVENMUEHLE") motion to dismiss plaintiff's complaint.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

# I.

## INTRODUCTION AND SYNOPSIS OF FACTS PLED

Plaintiff's complaint allegedly arises out of an October 25, 2006 Deed of Trust, which plaintiff alleges is attached to his complaint and incorporated therein as Exhibit A. Complaint, 5:5-10, ¶ 17, and Exhibit A attached thereto. Yet, Exhibit "A" to plaintiff's complaint is a May 7, 2001 Deed of Trust recorded on July 17, 2002. *Id.* As such, each of plaintiff's causes of action lacks sufficient particularity and is subject to dismissal. The complaint also inexplicably skips third and seventh causes of action, and jumps from paragraph 89 to paragraph 140.

Aside from those deficiencies, each of plaintiff's claims fails to state claims upon which relief can be granted as against USAA FSB. After complaining extensively about his dealings with US Bank, plaintiff claims that US Bank assigned its rights to USAA FSB, and then USAA FSB foreclosed on the subject property. Plaintiff does not deny that he had defaulted on his loan payment obligations. He claims that USAA FSB "could have offered a reasonable loan modification to plaintiff but did not give plaintiff a chance to resolve the matter before they moved forward with foreclosure." Complaint, 8:8-13, ¶32 and 15:13-16, ¶73. As plaintiff admits in his complaint, USAA FSB did "not have a duty to offer or approve a loan modification…." Complaint, 7:19-20. As such, plaintiff's complaint fails to allege any deceptive or unlawful conduct by USAA FSB.

USAA FSB joins in the points and authorities stated in DOVENMUEHLE's Motion to Dismiss Plaintiff's Complaint (Doc. #21) since they are legally and factually applicable to USAA FSB. As to plaintiff's second, fourth and sixth causes of action, USAA FSB provides additional points and authorities to demonstrate that those claims should be dismissed as against USAA FSB, even if the Court does not grant the defendants' motions to dismiss in their entireties.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

## II.

## LEGAL STANDARD

A complaint should be dismissed if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp, v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955 (2007) ("Twombly"). Plaintiffs' pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555; Emphasis added. The "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 556-557.

Courts utilize the following method in determining the plausibility of a complaint. First, the court will identify which statements in the complaint are factual allegations and which are legal conclusions. Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) ("Iqbal"). Second, the court drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim. *Id*. at 1951.

The Supreme Court made it clear in *Twombly* that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people with the right to do so . . .," and that "when the allegations in a complaint…could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly, supra*, at 558. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v.*

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

1  *United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## III.

## USAA FSB JOINS IN DOVENMUEHLE'S POINTS AND AUTHORITIES SUPPORTING DISMISSAL OF PLAINTIFF'S FIRST CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

In the interest of party and judicial economy, USAA FSB joins in DOVENMUEHLE's motion to dismiss plaintiff's first cause of action as articulated in DOVENMUEHLE's motion to dismiss (DOC. #21) at 4:10 through 7:22 and incorporates the same here by this reference.

## IV.

## PLAINTIFF FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF A CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION AGAINST USAA FSB

The elements of a fraud claim in California are: (1) misrepresentation; (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). "To establish a cause of action for fraud a plaintiff must plead and prove in full, factually, and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Id.* "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

1332 (1986).

In federal court, claims for fraud must meet FRCP 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Pleading with "particularity" means including the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," or, in other words, "the who, what, when, where, and how of the misconduct charged." See *Bouyer v. Countrywide Bank, FSB*, 2009 U.S. Dist. LEXIS 29400, 2009 WL 799398, at *2 (N.D. Cal. Mar. 24, 2009) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Vess*, 317 F.3d at 1106)).

Additionally, the pleadings must show a **cause and effect relationship** between the fraud and the damages sought; otherwise, **no cause of action is stated**. *Commonwealth Mortgage Assurance Company v. Superior Court*, 211 Cal.App.3d 508 (1989).

"The requirement of specificity in a fraud action against an entity defendant requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). Since fraud is never presumed, without providing a factual basis for every element of a fraud cause of action, plaintiff's cause of action for intentional misrepresentation fails as a matter of law.

Here, plaintiff's complaint fails to factually and specifically meet any of the requirements for pleading a cause of action for intentional misrepresentation against USAA FSB. There is no alleged false statement made by USAA FSB. Nor does the complaint set forth specific facts which show how, when, where, to whom and by what means any misrepresentations were tendered, **by any USAA FSB employee** as is required to state a cause of action for fraud. *Id.; Small v. Fritz*

*Companies, Inc.*, 30 Cal.4th 162, 184 (2003).

For all of the same reasons that plaintiff's intentional misrepresentation claim is defective, his negligent misrepresentation claim is likewise defective. Cal. Civil Code Section 1572(2). As such, USAA FSB respectfully requests that the Court GRANT its motion to dismiss plaintiff's second and fourth causes of action for intentional and negligent misrepresentation.

## V.
## USAA FSB JOINS IN DOVENMUEHLE'S POINTS AND AUTHORITIES SUPPORTING DISMISSAL OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH AND NINTH CAUSES OF ACTION

In the interest of party and judicial economy, USAA FSB joins in DOVENMUEHLE's motion to dismiss plaintiff's fifth, sixth, eighth, and ninth causes of action as articulated in DOVENMUEHLE's motion to dismiss (DOC. #21) at 10:1 through 14:28 and incorporates the same here by this reference.

USAA FSB adds that the first step to alleging violation of California's B&P Code section 17200 is to allege an actionable unlawful or unfair business practice by the defendant. Here, plaintiff fails to meet that initial requirement to maintain a UCL claim. Plaintiff faults USAA FSB for failing to give "plaintiff an opportunity for a loan modification before foreclosing." However, plaintiff fails to identify any law which required USAA FSB to give plaintiff an opportunity for a loan modification. Neither Civil Code section 2923.6 nor any other statute identified in plaintiff's complaint requires USAA FSB to agree to or to offer plaintiff a loan modification. To the contrary, plaintiff admits that USAA FSB had no such legal duty. Complaint, 7:19-20.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

## VI.

## **CONCLUSION**

Where, as here, a *verified* complaint contains allegations destructive of a cause of action, the defects cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation or adding contradictory allegations. *Lamoreaux v. San Diego Etc., Ry. Co.*, 48 Cal.2d 617, 623 (1957). In such a case the original defect infects any subsequent pleadings. *Owens v. Traverso*, 125 Cal.App.2d 803, 804 (1954). Consequently, it would be *futile* to allow amendment of plaintiff's claims. Where, as here, it would be futile to allow amendment, leave to amend should be denied. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Thus, USAA FSB respectfully requests that the Court GRANT its motion to dismiss plaintiff's complaint, and its motion to join DOVENMUEHLE's motion to dismiss plaintiff's complaint.

Date: Feb. 9, 2015

Respectfully submitted,

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP


By: /s/_____
Maureen M. Michail
Attorneys For Defendant
USAA FEDERAL SAVINGS BANK

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

## MEET AND CONFER DECLARATION OF MAUREEN M. MICHAIL

I, Maureen M. Michail, declare as follows:

1. I am an attorney at law duly licensed to practice before this Federal Court and all courts of the State of California. I am a partner with the Law Firm of Daniels, Fine, Israel, Schonbuch & Lebovits, LLP, attorneys of record for defendant USAA Federal Savings Bank ("USAA FSB"). I am aware of the facts stated herein of my own knowledge and, if called to testify thereto, I could and would competently so testify.

2. I am responsible for the day to day handling of USAA FSB's defense in this litigation.

3. On January 30, 2015, I discussed this matter with plaintiff's counsel Jenny Shin of Saunders Law Group, LTD. I told her that I did not believe that USAA FSB had been properly served as stated in plaintiff's proof of service. After some discussion, she and I agreed that plaintiff would consider the complaint served on USAA FSB through my offices, and that USAA FSB's responsive pleading would be filed no later than February 27, 2015. During that call, we also had some discussion regarding plaintiff's claims and remedies sought.

4. On February 5th, 6th, 7th and 9th I reached out to Ms. Shin by email asking to meet and confer. We agreed upon a telephonic meet and confer at 4:00 p.m. on February 9, 2015. Plaintiff's counsel and I met and conferred by phone this afternoon regarding USAA FSB's motion to dismiss and motion to join

///
///
///
///
///

8

in Dovenmuehle's motion to dismiss. We were unable to resolve any of the issues raised by USAA FSB's motions.

      I declare under penalty of perjury according to the laws of California and the United States of America that the foregoing is true and correct.

Dated: February 9, 2015            _____
                                            MAUREEN M. MICHAIL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS

## PROOF OF SERVICE

State of California      )
County of Los Angeles   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On February 9, 2015, I served the within document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN IN DEFENDANT DOVENMUEHLE'S MOTION TO DISMISS PURSUANT TO FRCP 12(g); DECLARATION OF MAUREEN M. MICHAIL**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☐ **BY FACSIMILE TRANSMISSION** I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2.306 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2.306 and no error was reported by the machine. Pursuant to rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

☒ XXX **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Pursuant to the Local Rules of the U.S. District Court, Central District of California, Local Rule 6-1, all documents shall be served on each of the parties electronically, unless excepted from electronic filing. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ XXX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 9, 2015, at Los Angeles, California.

*/s/ Cynthia Lewis*
CYNTHIA LEWIS

10

## SERVICE LIST

Gary S. Saunders, Esq.
Saunders Law Group, LTD
1891 California Avenue, Suite 102
Corona, California 92881
Tel.: (951) 272-9114
gary@saunderslawoffice.com
jenny@saunderslawoffice.com
renee@saunderslawoffice.com
*Attorneys for Plaintiff ERICH P. OBST*

John C. Steele, Esq.
Stephen D. Britt, Esq.
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, California 92606
jsteele@zievelaw.com
Tel.: (714) 848-7920
*Attorneys for Defendant DOVENMUEHLE MORTGAGE, INC.*

Theron S. Covey III
Tiffany & Bosco, P.A.
1230 Columbia St., Suite 680
San Diego, California 92101
tsc@tblaw.com
*Attorneys for Defendant NATIONAL DEFAULT SERVICING CORPORATION*

Regina J. McClendon, Esq.
Jonathan Lieberman, Esq.
Locke Lord, LLP
44 Montgomery Street, Suite 4100
San Francisco, California 94104
rmcclendon@lockelord.com
jlieberman@lockelord.com
*Attorneys for Defendant U.S. BANK NATIONAL ASSOCIATION*
Tel.: (714) 848-7920
*Attorneys for Defendant DOVENMUEHLE MORTGAGE, INC.*


1693.545
1693-545

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT USAA FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO JOIN DOVENMUEHLE'S MOTION TO DISMISS